[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 11-10291

———————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-01638-SDM-TGW

VALINDA S. KORNHAUSER,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

———————————————

Appeal from the United States District Court
for the Middle District of Florida

———————————————

(July 2, 2012)

Before TJOFLAT, MARTIN, and HILL, Circuit Judges.

TJOFLAT, Circuit Judge:

I.

Valinda S. Kornhauser brought this lawsuit to challenge the decision of the

Commissioner of Social Security denying her claim for disability benefits. The District Court referred the case to a Magistrate Judge for a report and recommendation ("R&R") on the merits of Kornhauser's challenge. On receiving the referral, the Magistrate Judge entered an order stating that the case would be adjudicated on the basis of the Commissioner's administrative record and directing each party to submit a memorandum of law supporting its position.

After receiving and considering these memoranda, the Magistrate Judge issued an R&R recommending that the District Court vacate the Commissioner's decision and remand the case to the Commissioner for further proceedings. In his R&R, the Magistrate Judge, in addition to explaining why Kornhauser was entitled to a vacatur, observed that the memorandum her attorney had submitted failed to comply with Middle District of Florida Local Rule 1.05(a). Rule 1.05(a) states:

> Although a quotation of three (3) lines or more may be single-spaced and indented and a footnote shall be single-spaced in no smaller than ten-point type, all pleadings and other papers tendered by counsel for filing shall be typewritten, double spaced, in at least twelve-point type, and, if filed on paper, shall be on opaque, unglazed, white paper eight and one-half inches wide by eleven inches long (8[.5] x 11), with one and one-fourth inch top, bottom and left margins and a one to one and one-fourth inch right margin. Only one side of the paper may be used.

M.D. Fla. R. 1.05(a). The non-compliance, according to the Magistrate Judge, consisted of "smaller margins than authorized" by the rule and "footnotes . . .

2

smaller than ten-point type."[1]  R&R 5, June 25, 2010.  In a footnote to this

observation, he stated: "These intentional violations would justify striking the

memorandum.  However, this sanction would unfairly punish the plaintiff.

Consequently, I propose that, when plaintiff's counsel seeks attorney's fees, that

the typical request for a cost-of-living increase be denied."  Id. at 5 n.5.

On July 14, 2010, the District Court entered an order adopting the R&R,

vacating the Commissioner's decision, remanding the case to the Commissioner

for further consideration, and directing the Clerk to enter final judgment for

Kornhauser.[2]

Following the entry of judgment, Kornhauser petitioned the District Court

for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"),

28 U.S.C. § 2412(d),[3] in the amount of $5,935.[4]  The Commissioner, responding,

---

[1]  To illustrate, the footnotes of this opinion are in twelve-point type.  The words "twelve-point type" appear in ten-point type as twelve-point type, and in nine-point type as twelve-point type.

[2]  In accordance with the order, the Clerk entered judgment for Kornhauser and closed the case.

[3]  28 U.S.C. § 2412(d)(1)(A) provides, in relevant part, that "a court shall award to a prevailing party other than the United States fees and other expenses, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

[4]  The request was for fees of $5,935.58.  For convenience, we eliminate the fraction of a dollar amount in subsequent references to attorney's fees.  Counsel's petition also sought recovery of the $350 district court filing fee and costs of $33.75.  Counsel's entitlement to these amounts is not disputed.

questioned the number of hours Kornhauser's attorney had spent on the case and recommended an award of $4,989. The parties thereafter agreed on the fees to be awarded and submitted to the District Court a stipulation calling for an award of $5,000.

The District Court referred Kornhauser's petition and the parties' stipulation to the Magistrate Judge for a recommendation. After considering the petition, the Commissioner's response, and the stipulation, the Magistrate Judge issued an R&R recommending that the District Court award attorney's fees in the sum of $4,037. He reduced the stipulated figure of $5,000 by $963 as a sanction against Kornhauser's lawyer for having previously submitted a memorandum on the merits that "had smaller margins than authorized by Local Rule 1.05(a), and also contained footnotes that appeared to be smaller than the ten-point type required by the local rule." R&R 6, Nov. 4, 2010. In recommending the sanction, the Magistrate Judge acknowledged that, in stipulating to an award of $5,000, the Commissioner intended that Kornhauser's attorney be awarded attorney's fees of $5,000. The Magistrate Judge gave that intent no weight, however, because "it is the court that ultimately determines the amount of a reasonable fee, and the court has an important interest in the enforcement of its rules." Id. at 7.

Kornhauser's attorney filed an objection to the R&R, asking the District

Court not to adopt the Magistrate Judge's sanctions recommendation. She put her request thusly:

> [T]he undersigned counsel did not "intentionally" violate the local rules pertaining to margins and footnote size as the Magistrate Judge found. The undersigned counsel has been a member of this Court for over 30 years and was not aware that the rules had changed at some point to increase the size of the margins. While ignorance of the rules is certainly no excuse, this was an honest mistake and was not done with any intent to circumvent the rules of this Court.
>
> Furthermore, the typical remedy used by courts when briefs are filed which are not in conformance with the rules is to afford the party the opportunity to correct the deficiency. This is the procedure followed by the Eleventh Circuit clerk's office whenever a brief is filed which is not in compliance with the court rules. In this case, the Magistrate Judge never afforded counsel the opportunity to file a corrected brief with proper margins, but, instead, recommended imposing sanctions by a substantial reduction in attorney fees. Sanctions of a reduction in attorney's fees are simply not warranted by the facts of this case.

Kornhauser's Objection to Nov. 4, 2010 R&R at 2.

The District Court overruled Kornhauser's objection and imposed the sanction the Magistrate Judge recommended, concluding that "[t]he sanction [was] a reasonable exercise of the Magistrate Judge's disciplinary authority." Kornhauser v. Comm'r of Soc. Sec., No. 8:09-cv-1638-T-23TGW, slip op. at 1 (M.D. Fla. Nov. 22, 2010). Commensurate with this ruling, the court reduced the attorney's fees the parties had agreed to, and awarded fees of $4,037, ordering that the fees will be payable to Kornhauser's attorney "after the Commissioner

5

determines that the plaintiff owes no federal debt."[5]  Id. at 2.

Kornhauser now appeals the District Court's sanctions decision.[6]  The decision is not sustainable.  We accordingly vacate the decision and instruct the District Court on receipt of our mandate to amend its EAJA order to provide for the payment of attorney's fees of $5,000.

## II.

The legal authority the District Court drew upon for sanctioning Kornhauser's attorney was the court's inherent power to manage the orderly and efficient disposition of the cases before it.  Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991).  This "inherent power . . . can be invoked even if procedural rules exist which sanction the same conduct."  Id. at 49, 111 S. Ct. at 2135.  In this case, we find no procedural rule that sanctions the conduct involved.[7]

---

[5]  The court also awarded Kornhauser $350 in costs and $33.75 in expenses in accordance with the Magistrate Judge's recommendation.  Kornhauser had assigned the attorney's fees to her attorney, with the intent that fees be paid to the attorney since she had no pending federal debt.

[6]  The District Court's order awarding the attorney's fees, costs and expenses is a final decision.  We therefore have jurisdiction to review the decision under 28 U.S.C. § 1291.

[7]  Several Federal Rules of Civil Procedure authorize sanctions in the form of attorney's fees for lawyer misconduct: Rule 11 (certification requirement for papers), Rule 16(f) (pretrial conferences), Rule 26(g) (certification requirement for discovery requests), Rule 30(g) (oral deposition), Rule 37 (failure to cooperate with discovery), Rule 56(g) (affidavits accompanying summary judgment motions); see also Chambers v. NASCO, Inc., 501 U.S. 32, 42 n.8, 111 S. Ct. 2123, 2131 n.8, 115 L. Ed. 2d 27 (1991).  "Although they differ by context, [these] sanctioning

The District Court's inherent power should be exercised with caution and its invocation requires a finding of bad faith. Id. at 50, 111 S. Ct. at 2136; see also In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995) ("Invocation of a court's inherent power requires a finding of bad faith."). In exercising its inherent power to impose sanctions, a court must "comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." Chambers, 501 U.S. at 50, 111 S. Ct. at 2136. When the individual being sanctioned is an attorney before the court, as is the situation here, complying with the mandates of due process means that the attorney must, first, be afforded "fair notice that [her] conduct may warrant sanctions and the reasons why," and, second, "be given an opportunity to respond, orally or in writing, to the invocation of such sanctions and to justify [her] actions." Mroz, 65 F.3d at 1575–76 (citing Donaldson v. Clark, 819 F.2d 1551, 1559–60 (11th Cir. 1987)). The inherent power is to be used to fashion an "appropriate sanction." Chambers, 501 U.S. at 44, 111 S. Ct. at 2133; see also Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002) (noting that a court's inherent authority "includes the

---

mechanisms are similar in that they are all rooted in the same basic goals—protecting the court and the public from litigation which impedes the administration of justice." Byrne v. Nezhat, 261 F.3d 1075, 1131 n. 110 (11th Cir. 2001).

7

authority to impose 'reasonable and appropriate' sanctions." (citing Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1545 (11th Cir. 1993))).

We review the District Court's exercise of its inherent power to sanction counsel for abuse of discretion. Pedraza v. United Guar. Corp., 313 F.3d 1323, 1328 (11th Cir. 2002). This means that "unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard," we will not disturb its decision. Aldana v. Del Monte Fresh Produce N.A., Inc., 578 F.3d 1283, 1288 (11th Cir. 2009) (quoting United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc)) (internal quotation marks omitted).

The District Court abused its discretion in this case by failing to "comply with the mandates of due process." Chambers, 501 U.S. at 50, 111 S. Ct. at 2136. The only notice Kornhauser's attorney received, which informed her that she might be sanctioned for failing to comply with Local Rule 1.05(a), came in the form of a footnote to the Magistrate Judge's R&R issued on June 25, 2010 addressing the merits of Kornhauser's challenge to the Commissioner's decision. The Magistrate Judge never asked Kornhauser's attorney for a response; he didn't need a response because he had already decided sua sponte to recommend, when the attorney applied for an award for attorney's fees, that the District Court sanction the attorney for violating Local Rule 1.05(a). Thus, in the July 14, 2010

8

R&R he sent to the District Court on the EAJA fees issue, he did not recommend that the District Court issue an order requiring the attorney to show cause why she should not be sanctioned. The Magistrate Judge did not recommend the issuance of an order to show cause because he had already branded counsel's violation of the local rule "intentional" and worthy of sanction—no explanation could suffice to excuse the violation.

Had the Magistrate Judge recommended, and the District Court issued, an order requiring the attorney to show cause why she should not be sanctioned and then, after receiving her response, met with her face-to-face, the court might have concluded that striking the memorandum would have been the simplest, and more appropriate, sanction for failing to comply with Local Rule 1.05(a).[8] By branding the attorney's rule violation "intentional" and imposing a monetary sanction without affording counsel an opportunity to show cause—"to respond . . . to the invocation of [the] sanctions and to justify [her] actions," Mroz, 65 F.3d at 1575–76—the District Court denied the attorney due process of law and therefore abused its discretion.

---

[8] This case, including the EAJA and the sanctions issues, was litigated on paper, i.e., the record of the litigation of Kornhauser's disability claim before the Commissioner, the memoranda of law submitted to the Magistrate Judge on the merits of Kornhauser's challenge to the Commissioner's decision, and the papers submitted to the District Court in connection with Kornhauser's EAJA petition. At no time did counsel for the parties appear in person before the Magistrate Judge or the District Court.

9

## III.

For the foregoing reasons, the EAJA award order is VACATED.  The

District Court is instructed, upon receiving our mandate, to enter an order granting

Kornhauser EAJA attorney's fees in the sum of $5,000.

SO ORDERED.