WHITTEMORE, District Judge,
dissenting:
I respectfully disagree with the majority and conclude that the district court abused its discretion when it sanctioned Plaintiffs attorneys under 28 U.S.C. § 1927 without finding that they unreasonably and vexatiously multiplied the proceedings and without finding that the amount of the sanction represents the excess fees incurred by Defendants.[1] Without findings from the district court, a meaningful review of its decision to impose sanctions cannot be conducted. For this reason, I would reverse and remand to the district court.
Plaintiffs attorneys, William P. Tedards and Michael A. Weeks, challenge the $82,341 fee sanction imposed against them by the district court under § 1927. Te-dards and Weeks correctly point out that the district court failed to make any findings regarding their conduct or how it multiplied the proceedings. And they make a compelling argument that they did not unreasonably and vexatiously multiply the proceedings and that the sanction amount exceeds any multiplication of the *729 proceedings they may have caused. Essentially, they contend they did not act in bad faith and there was no basis for the sanction award. See Peer v. Lewis, 606 F.3d 1306, 1314 (11th Cir.2010)(“An attorney multiplies the proceedings unreasonably and vexatiously ‘only when the attorney’s conduct is so egregious that it is ‘tantamount to bad faith.’ ” (quoting Am-long & Amlong, P.A v. Denny’s, Inc., 500 F.3d at 1239)).
Summary of proceedings
The proceedings leading to imposition of the sanction against the attorneys are described in the majority’s opinion. In summary, the district court, in accordance with its Local Rules, initially awarded attorney’s fees “by default” against Plaintiff in favor of Defendants after Plaintiff failed to respond to Defendants’ initial motion for attorney’s fees.[2] That fee award is not challenged. Ultimately, however, the district court modified its order and imposed a joint and several fee award against Plaintiffs attorneys as a sanction (“The order is modified for clarification only with respect to the portion of the fees awarded pursuant to 28 U.S.C. § 1927 ... The portion of the total attorney’s fees which is attributable to the 234.7 hours expended on remand ... shall be recoverable from Plaintiff and its counsel of record, jointly and severally.”).
The district court’s initial fee award was only against Plaintiff Young Apartments. Indeed, in its October 12, 2011 order, the district expressly declined to award fees against Tedards and Weeks. In response, Defendants sought clarification, seeking a joint and several award of a portion of the fees against both attorneys under § 1927. Notwithstanding that the time to respond to the motion had not expired, the district court essentially reversed itself, modified its order, and imposed the challenged sanction against the attorneys.[3] Counsel’s timely response in opposition to the motion was therefore rendered moot. Their motion to amend/correct the order was denied by the district court on the basis of the “prior default.”
Sanctions under § 1927
Before sanctions may be imposed under § 1927, three requirements must be met:
First, the attorney must engage in ‘unreasonable and vexatious’ conduct. Second, that ‘unreasonable and vexatious’ conduct must be conduct that ‘multiplies the proceedings.’ Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the ‘costs, expenses, and attorneys’ fees reasonably incurred because of such conduct.’
Amlong & Amlong, P.A. v. Denny’s, Inc., 500 F.3d at 1239 (quoting Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir.1997)). An attorney multiplies proceedings “unreasonably and vexatiously” “only when the attorney’s conduct is so egregious that it is ‘tantamount to bad faith,’ ” which turns on the objective conduct of the attorney and requires a comparison of the attorney’s conduct against *730 the conduct of a “reasonable” attorney. Id. Similarly, whether an attorney’s conduct is “vexatious” “requires an evaluation of the attorney’s objective conduct.” Id. Notwithstanding, “the attorney’s subjective state of mind is frequently an important piece of the calculus, because a given act is more likely to fall outside the bounds of acceptable conduct and therefore be ‘unreasonable] and vexatious[ ]’ if it is done with a malicious purpose or intent.” Am-long & Amlong, P.A., 500 F.3d at 1241.
Considering these statutory pre-requisites for imposition of sanctions under § 1927, and the nuances of evaluating the objective reasonableness of an attorney’s litigation conduct, it is unsurprising that Circuit precedent mandates that an attorney facing § 1927 sanctions be afforded a hearing and requires the district court to make a finding of bad faith before sanctions can be imposed. Amlong & Amlong, P.A, 500 F.3d at 1242 (“Plainly, an attorney threatened with sanctions under § 1927 is entitled to a hearing.”) (citing Reynolds v. Roberts, 207 F.3d 1288, 1302 (11th Cir.2000)); see In re Mroz, 65 F.3d 1567,1576 (11th Cir.1995) (where sanctions imposed based on inherent authority of court, remand necessary to determine if parties acted in bad faith and to afford due process).
Absence of findings
The plain language of § 1927, as well as Circuit precedent, required the district court to make findings before imposing sanctions against Plaintiffs counsel, specifically that they acted in bad faith by unreasonably and vexatiously multiplying the proceedings. Hudson v. International Computer Negotiations, Inc., 499 F.3d 1252, 1262 (11th Cir.2007) (plain language of § 1927 requires findings of unreasonable and vexatious conduct, multiplication of proceedings, and that the dollar amount of the sanction bears a financial nexus to the excess proceedings); Amlong & Amlong, P.A. v. Denny’s, Inc., et al, 500 F.3d at 1251-52 (“... we have held that before a court can impose sanctions on an attorney under its inherent power, it must make a finding of bad faith ... ”). Although the district court had ample opportunity to do so, it never made any findings to support the § 1927 sanction.[4]
The majority notes that Defendants’ renewed motion for attorneys’ fees “explained how counsel for Young Apartments engaged in ‘unreasonable and vexatious conduct,’ which ‘multiplied the proceedings,’ constituted ‘bad faith,’ and justified an award of attorneys’ fees as a sanction under § 1927.” The majority concludes that “by their default,” Tedards and Weeks “admitted the factual allegations of vexatious conduct and multiplicity of proceedings” in that motion.
I find no support for this conclusion. More importantly, Defendants’ explanation of how Tedards and Weeks engaged in “unreasonable and vexatious conduct” which “multiplied the proceedings” is not a substitute for the required judicial findings under § 1927.
Procedural error
Authority in this Circuit requires a district court to afford an attorney the right to be heard before sanctions are imposed. *731 Amlong & Amlong, PA., supra. In my view, this precedent required the district court to afford Tedards and Weeks a more meaningful opportunity to be heard before it modified its order and imposed a joint and several award against each of them. The majority correctly notes, however, that Appellants’ brief does not list lack of opportunity to be heard as an issue on appeal. And there is authority suggesting that an opportunity to be heard, as opposed to a hearing, satisfies due process concerns when an attorney is facing sanctions. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 767, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980); Komhauser v. Commissioner of Social Security, 685 F.3d 1254, 1257 (11th Cir.2012); Reynolds v. Roberts, supra.
I agree with the majority that Tedards and Weeks were on notice that they faced potential liability under § 1927. Defendants’ initial motion for attorney’s fees cited 28 U.S.C. § 1927 and expressly sought a joint and several award against the attorneys.[5] The district court, with which the majority agrees, essentially concluded that by failing to respond to the initial motion seeking attorney’s fees, the attorneys defaulted on the issue of entitlement and waived the right to be heard. While the term “default” may accurately describe the posture Tedards and Weeks put themselves in initially, I do not believe that under the circumstances they waived the right to be heard on joint and several liability or, just as importantly, on the amount of the sanction.[6]
Based on the briefing, there certainly appear to be factual disputes with respect to whether Tedards, and particularly Weeks, should have been sanctioned under § 1927 and if so, to what extent. Findings by the district court would have resolved those disputes. However, entitlement was determined by default, explaining the absence of findings. I believe this was procedural error and that on remand, the district court should be instructed to conduct an appropriate judicial inquiry and afford the attorneys an opportunity to address the propriety of sanctions and the amount.
Conclusion
Tedards and Weeks seek a remand “... for a set of findings as to what Young Apartments did that was wrong in the second phase of the case and what excess fees or costs were attributable to that wrongdoing.” Reply Brief of Appellants, p. 7. In fairness to these attorneys, they are entitled to know what it is they did wrong from the perspective of the district court, as opposed to the perspective of *732 their adversaries. I conclude that the attorneys’ failure to avail themselves of the opportunity to respond to Defendants’ initial motion for fees did not relieve the district court of its responsibility to make a considered determination of whether or not their conduct was sufficiently egregious to justify sanctions under § 1927. Defaulting the attorneys and summarily imposing sanctions without conducting an appropriate inquiry is inconsistent with the procedure contemplated by Circuit precedent. Indeed, the absence of findings prevents meaningful review of the order imposing sanctions.[7] A remand is therefore necessary.

. The district court’s decision to impose sanctions pursuant to 28 U.S.C. § 1927 is reviewed for abuse of discretion. Amlong & Amlong, P.A. v. Denny's, Inc.; et al., 500 F.3d 1230, 1237(11th Cir.2007).

. See S.D. Fla. L.R. 7.1.C (2008)(providing that the failure to file an opposing memorandum of law within the permitted time "may be deemed sufficient cause for granting the motion by default.”)

. Entering the order before the time for a response expired is troublesome. See Donaldson v. Clark, 819 F.2d 1551, 1555 (11th Cir. 1987) (Because we have held that the district court failed to give plaintiff's counsel the full ten-day period to submit material in opposition to the converted summary judgment motions, the district court should wait until counsel has had such an opportunity before deciding whether to impose Rule 11 sanctions.)

. In denying the attorneys’ motion for reconsideration of the sanction order, the district court did address attorney Weeks' contention that he was not involved in the substantive decision making in the case during the time for which sanctions were sought. The district court found that "Mr. Weeks has participated as counsel for Plaintiff in this action as early as December 18, 2008,” and he "therefore had ample opportunity to assert any arguments with respect to Defendants' entitlement to attorneys' fees under section 1927 by filing a timely response to the motion.”

. There is some question whether Defendants’ initial motion sought fees from Weeks, who served only as local counsel. Appellant's Brief at pp. 25-27.

. While a defendant against whom default is entered for failure to respond to a complaint is deemed to have admitted the factual allegations in the complaint (See Rule 8(b)(6) Fed. R.Civ.P.), the defaulted defendant is nonetheless entitled to a hearing on the amount of unliquidated damages. Id.; Rule 55(a), Fed. R.Civ.P.; S.E.C. v. Smyth, 420 F.3d 1225, 1231 (11th Cir.2005)("... case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.”); United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979). Indeed, even when a party is defaulted as a sanction, a hearing on damages is required unless the amount claimed is liquidated or capable of mathematical calculation. Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543 (11th Cir.1985).
It follows that even if the majority is correct that the attorneys waived the right to be heard on entitlement by failing to respond to the initial motion for fees, they were nonetheless entitled to be heard on the amount of the sanction, that is, the amount of excess fees caused by their conduct.

. See Santhuff v. Seitz, 385 Fed.Appx. 939, 947 (11th Cir.2010)(where district court does not make findings on the requirements of § 1927, there is an insufficient record for review of imposition of sanction and a limited remand is necessary), reh. en banc denied, 408 Fed.Appx. 346, cert. denied,-U.S.-, 131 S.Ct. 1021, 178 L.Ed.2d 830 (2011).