[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2010
JOHN LEY
CLERK

_____

No. 09-14642

_____

D. C. Docket No. 05-80765-CV-KLR

YOUNG APARTMENTS, INC.,

                                                            Plaintiff-Appellant,

GARY WESTON,
PAOLO WESTON,

                                                            Consolidated-Plaintiffs,

versus

TOWN OF JUPITER, FLORIDA,
ANDREW LUKASIK,
ROBERT LECKY,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 22, 2010)

Before DUBINA, Chief Judge, BLACK, Circuit Judge and GOLDBERG,[*] Judge.

PER CURIAM:

Appellant Young Apartments, Inc., (Young) appeals the district court's grant of summary judgment against its Fourteenth Amendment Equal Protection claims in favor of the town of Jupiter, Florida (Jupiter), Andrew Lukasik (Lukasik), and Robert Lecky (Lecky). Young challenges the grant of summary judgment on three grounds: (1) there is a genuine issue of material fact as to whether Jupiter enacted Ordinance No. 6-04 (the Ordinance) for the improper purpose of discriminating against Young's Hispanic tenants; (2) there is a genuine issue of material fact as to whether Jupiter, Lukasik, and Lecky enforced the otherwise neutral Ordinance unequally against Young's Hispanic tenants; and (3) Lukasik and Lecky are not entitled to qualified immunity because they violated clearly established law when they enforced the Ordinance unequally against Young's Hispanic tenants.

This court reviews the grant of a motion for summary judgment *de novo*, "viewing the record and drawing all reasonable inferences in the light most favorable to the non-moving party." *Burger King Corp. v. E-Z Eating*, 572 F.3d

---

[*]Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

1306, 1313 (11th Cir. 2009) (citation and quotation marks omitted). A grant of summary judgment is appropriate when the non-moving party fails to "com[e] forward with sufficient evidence on *each element* that must be proved." *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990) (citation omitted). Summary judgment is not appropriate, however, when there is a genuine issue as to any *material* fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608 (1970).

This court reviews the grant of summary judgment based on qualified immunity *de novo*. *Lee v. Ferraro*, 284 F.3d 1188, 1190 (11th Cir. 2002).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we first affirm the district court's grant of summary judgment in favor of Jupiter on Young's claim for discriminatory enactment. Young does not dispute that the Ordinance is facially neutral, but argues it is nonetheless unconstitutional. In order to make such a claim, Young must show "discrimination was a substantial or motivating factor" for enacting the law. *Johnson v. Governor of Fla.*, 405 F.3d 1214, 1223 (11th Cir. 2005) (en banc). Once the plaintiff has made this showing, the government must show "the provision would have been enacted in the absence of any racially discriminatory motive." *Id.*

3

To show discriminatory motive a plaintiff may use evidence of disparate impact on a racial minority in conjunction with *specific evidence* establishing race was a motivating factor in the government's decision. *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-68, 97 S. Ct. 555, 563-65 (1977).

Despite Young's allegation to the contrary, there is a wealth of evidence in the record here that the Ordinance was enacted to preserve the health, safety, and welfare of Jupiter's residents. The Ordinance itself recognizes a legitimate purpose: to address unhealthy living conditions in homes and residential buildings. Additionally, the Ordinance was enacted pursuant to all of the town's normal procedures, including two open readings where residents and special interest groups were permitted to express their views. The record of these meetings is replete with concerns about congestion, fire safety, health and welfare, and adequate water and sewer services in certain areas of Jupiter, particularly the charter communities. Among those involved in the development of the Ordinance were Hispanic community activist groups, such as Corn-Maya. In sum, we agree with the district court's finding that Young's conclusory allegations of discriminatory intent are simply insufficient to create a genuine issue as to whether discrimination was a motivating factor in the enactment of the Ordinance,

4

particularly in light of Jupiter's overwhelming evidence that the Ordinance was enacted to protect residents' health and safety.

We also affirm the district court's grant of summary judgment in favor of Jupiter, Lukasik, and Lecky on Young's claim of unequal enforcement. First, we observe from the record that Young failed to present any new evidence of Jupiter's unequal enforcement and, in fact, merely duplicated its previous argument.[1] Second, because Young failed to show that a similarly situated landlord of non-Hispanic tenants was treated differently from it, the grant of summary judgment is due to be affirmed.

Finally, we agree with the district court that Lukasik and Lecky enjoy qualified immunity. Young has failed to establish that either of these individuals violated its federal constitutional rights. Specifically, Young sued Lukasik and Lecky for enforcing the Ordinance unequally against it as a landlord of Hispanic tenants. As previously discussed, this claim fails because Young produced no evidence of a similarly situated landlord of non-Hispanic tenants who was treated more favorably, as required by our circuit precedents.

---

[1]This is the second time we have considered an appeal of this case. In the first appeal, we remanded the case "for the district court to consider whether Jupiter adopted and enforced the overcrowding Ordinance with the intent to discriminate against Young Apartments' Hispanic immigrant tenants." *See Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1049 (11th Cir. 2008).

For the aforementioned reasons, we affirm the district court's grant of summary judgment in favor of the defendants.

**AFFIRMED.**