[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15618

_____

D.C. Docket No. 9:05-cv-80765-KLR

YOUNG APARTMENTS, INC., et al.,

Plaintiffs-Appellants,

GARY WESTON, et al.,

Consol. Plaintiffs,

versus

TOWN OF JUPITER, FLORIDA,
ANDREW LUKASIK,
ROBERT LECKY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 7, 2013)

Before HULL and FAY, Circuit Judges, and WHITTEMORE,[*] District Judge.

_____

[*]Honorable James D. Whittemore, United States District Judge, Middle District of Florida, sitting by designation.

PER CURIAM:

Appellants William Tedards and Michael Weeks, two attorneys who represented their client, Plaintiff Young Apartments, in this civil lawsuit, appeal the district court's imposition of sanctions on them in the form of attorneys' fees under 28 U.S.C. § 1927 in favor of Defendants Andrew Lukasik and Robert Lecky.  After review of the briefs and the record in this case, and with the benefit of oral argument, we find no abuse of discretion in the district court's imposition of § 1927 sanctions and affirm.

This is the third appeal before this Court in this case.  Plaintiff Young Apartments does not contest or appeal the district court's $139,397 award of attorneys' fees against Young Apartments in favor of the Defendants under 42 U.S.C. § 1988 and 28 U.S.C. § 1927.  Rather, this appeal concerns only the attorneys' fees award of $82,341 against counsel for Young Apartments under § 1927.

The full $139,397 represents all attorneys' fees incurred by Defendants Lukasik and Lecky in the entire case.  The $82,341, awarded against Young Apartments' counsel, represents only that portion of the $139,397 award that was incurred by the Defendants after the first appeal in this case.  Specifically, the $82,341 award consists of: (1) $50,984 in attorneys' fees incurred in the discovery

2

and summary judgment process that followed the first appeal; and (2) $31,357 in attorneys' fees incurred in the second appeal, which affirmed the entry of summary judgment in favor of the Defendants.

We summarize briefly the underlying litigation so as to provide context for this third appeal and the district court's § 1927 order against counsel for Young Apartments.

## I.  THE UNDERLYING LITIGATION

Plaintiff Young Apartments filed a civil action, pursuant to 42 U.S.C. § 1983, against (1) the Town of Jupiter, Florida ("Jupiter"), and (2) town officials Andrew Lukasik and Robert Lecky (the "Defendants").  Lukasik was Jupiter's town manager, and Lecky was Jupiter's head building official.  As recounted below, Defendant Jupiter prevailed in this litigation and is not involved in this third appeal.  Therefore, in this opinion, we refer to Lukasik and Lecky as the Defendants.

In Count 1 of its amended complaint, Young Apartments alleged that Jupiter violated the Fourteenth Amendment through its illegal enactment and selective enforcement of an "Over-Crowding Ordinance" (the "Ordinance"), which placed occupancy limits on residential dwellings.  Plaintiff Young Apartments asserted Jupiter's Ordinance was aimed at, and selectively enforced against, only Hispanic

3

immigrant workers and had the effect of eliminating affordable housing available to these workers.  In Count 2, Young Apartments alleged that Defendants Lukasik and Lecky participated in Jupiter's selective enforcement of the Ordinance against Hispanic immigrants in violation of the Fourteenth Amendment.[1]

## A.    Motions to Dismiss under Rule 12(b)(6)

Jupiter and Defendants Lukasik and Lecky filed two separate Federal Rule of Civil Procedure 12(b)(6) motions to dismiss Young Apartments' claims as to them.  See Fed. R. Civ. P. 12(b)(6).

In its January 2006 ruling, the district court dismissed Count 2 against Defendants Lukasik and Lecky for failure to state a claim.  The district court first concluded that Young Apartments' complaint failed to notify Defendants Lukasik and Lecky that they were being sued in their individual capacities.  Thus, the district court construed Count 2 as setting out an official-capacity claim against Lukasik and Lecky, and determined that Count 2 "[was] simply a reconstitution of [Young Apartments'] claim against the Town."  Because Jupiter was also a defendant in the suit, the district court determined that Count 2 was "redundant" and dismissed it against Defendants Lukasik and Lecky.  As to Lukasik and

---

[1]Young Apartments' complaint also contained five other counts (three against Jupiter and two against Lukasik and Lecky) that are not relevant to the present appeal.

4

Lecky, the district court did not reach the merits of Plaintiff's claims.

In this same January 2006 order, the district court also dismissed the majority of Count 1 against Jupiter, save for the portion of Count 1 that alleged that Jupiter had engaged in selective enforcement of its Ordinance. The district court found that Plaintiff Young Apartments, as a landlord, lacked standing to assert race-based discriminatory enactment or race-based selective enforcement claims on behalf of its Hispanic tenants. Therefore, the district court interpreted Count 1 against Jupiter as a claim of "differential treatment based on a non-suspect characteristic," i.e., a class-of-one claim subject to rational basis review. This "non-suspect characteristic" selective enforcement claim was at times referred to as a "class of one" selective enforcement claim based on Young Apartments (a class of one) being allegedly treated differently from other similarly situated landlords. The district court then concluded that Jupiter's Ordinance, which placed occupancy limits on residential dwellings, survived rational basis scrutiny because it aided Jupiter in attaining various legitimate health and safety goals.

Although it dismissed Plaintiff Young Apartments' racial discrimination claims due to a lack of standing as a landlord, the district court did not dismiss Young Apartments' claim of non-suspect characteristic or class-of-one selective

5

enforcement against Jupiter.  The district court noted that Young Apartments had "alleged that it . . . was treated differently from similarly situated properties in [Jupiter], and that there was no legitimate governmental purpose for the differential treatment," which was sufficient to state a claim of selective enforcement under the Equal Protection Clause.  The district court indicated that, to pursue such a claim, a "plaintiff need only allege that it has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."

From this point, in light of the district court's Rule 12(b)(6) dismissal order, Plaintiff Young Apartments proceeded against Jupiter solely on the selective enforcement portion of Count 1 under a non-suspect characteristic or "class of one" theory, rather than under a theory of racial discrimination.

## B.    Jupiter's Motion for Summary Judgment

Following discovery, Jupiter filed a motion for summary judgment, which the district court granted in April 2007.  In its summary judgment order, the district court reiterated that, to prevail on its selective enforcement claim, Plaintiff Young Apartments had to show first that, as to the Ordinance, Jupiter treated Plaintiff differently from other similarly situated properties; and second that Jupiter unequally applied a facially neutral ordinance for the purpose of

6

discriminating against Young Apartments.  After noting the parties' disagreement about what precise conduct Young Apartments had to show in order to prove its selective enforcement claim, the district court determined that Young Apartments failed to demonstrate a disputed issue of material fact on the "similarly situated" prong under either party's formulation of the correct standard.

In particular, Plaintiff Young Apartments failed to present any evidence that: (1) a residence was overcrowded but that Jupiter failed to issue a citation for violating the Overcrowding Ordinance; (2) under the rule proposed by Young Apartments itself, Jupiter had received a complaint about overcrowding and failed to investigate; or (3) Young Apartments was issued a citation for hurricane damage and that no other property was similarly cited.  Thus, the district court concluded that Plaintiff Young Apartments had failed to satisfy the first prong of the selective enforcement equal protection analysis, and it granted Jupiter's motion for summary judgment.[2]

Following the district court's summary judgment order, which disposed of all of Young Apartments' remaining claims, Young Apartments filed a notice of appeal in May 2007.  Notably, Young Apartments decided to appeal only the

---

[2]The district court likewise concluded that Young Apartments failed to satisfy the second prong of the analysis, i.e., it did not demonstrate that Jupiter "unequally applied a facially neutral ordinance for the purpose of discriminating against" Young Apartments.

district court's earlier Rule 12(b)(6) dismissal of their racial discrimination claims against (1) Jupiter and (2) Lukasik and Lecky in their individual capacities. Young Apartments did not appeal the district court's entry of summary judgment in Jupiter's favor on Young Apartments' non-suspect characteristic "class of one" selective enforcement claim.

## C.    2008 First Appeal

On appeal in 2008, this Court reversed the district court's Rule 12(b)(6) dismissal of Young Apartments' 42 U.S.C. § 1983 claims in Count 1 against Jupiter, and in Count 2 against Lukasik and Lecky, and remanded the case for further proceedings.  See Young Apartments, Inc. v. Town of Jupiter, FL ("Young I"), 529 F.3d 1027 (11th Cir. 2008).  As to Lukasik and Lecky, this Court held that Lukasik and Lecky were sued in their individual capacities, and that Young Apartments' claim against them in Count 2 could proceed because they were adequately notified of their potential individual liability.  Id. at 1046-48.[3]

This Court also reversed the district court's conclusion as to Young Apartments' standing to bring racial discrimination claims on behalf of its tenants, concluding that Young Apartments did have standing to pursue such racial

---

[3]The district court had dismissed various other claims brought by Young Apartments in Count 3, 4, and 5, and Young Apartments did not contest the dismissal of those Counts on appeal.  Young I, 529 F.3d at 1037.

discrimination claims in Count 1.  Id. at 1037-44.  This Court noted that, because the district court had previously construed Young Apartments' claim against Jupiter as a "class of one" claim, the district court had "excluded any consideration of discrimination based on a suspect classification," and Young Apartments on appeal "claim[ed] that it was unable to introduce relevant evidence concerning Jupiter's discriminatory motives."  Id. at 1045-46.  Young Apartments also claimed on appeal "that the district court's analysis failed to examine fully whether Young Apartments was treated differently compared to landlords of non-Hispanic tenants."  Id. at 1046.

Therefore, in the first appeal, this Court indicated that because of the district court's erroneous ruling on standing, the district court "may have wrongly refused to consider any evidence of discrimination against Jupiter's Hispanic immigrants." Id.  This Court noted, however, that whether Young Apartments alleged a claim of "discrimination based on a suspect classification or under a 'class of one' theory," it "must show disparate treatment compared to a similarly situated party."  Id.

As to selective enforcement, this Court also observed that Plaintiff Young Apartments had not appealed the district court's entry of summary judgment on Plaintiff's non-suspect characteristic "class of one" selective enforcement claim. Id.  This Court thus permitted Young Apartments to pursue on remand only claims

9

of unequal enforcement to the extent these claims were based on evidence of racial discrimination Young Apartments had been unable to adduce due to the district court's erroneous narrowing of its claims to a "class-of-one" claim, stating:

> [Young Apartments may] raise its unequal enforcement claims anew on remand, <u>but only insofar as it can establish these claims based on evidence of discrimination that it was unable to adduce because of the district court's erroneous narrowing of the relevant issues</u>. Young Apartments may not press forward with any selective enforcement claims that merely duplicate its failed "class of one" unequal enforcement challenge.

Id. at 1046 (emphasis added).

**D. Summary Judgment Motions on Remand on Racial Discrimination Claims**

Following this Court's decision in <u>Young I</u>, and after a period of discovery, Jupiter and Defendants Lukasik and Lecky moved for summary judgment in the district court on Plaintiff Young Apartments' race-based selective enforcement claims.[4] In its summary judgment motion, Jupiter argued that Young Apartments had "neither sought, nor obtained any new evidence of disparate treatment of itself as opposed [to] other similarly situated property owners."  In their separate summary judgment motion, Defendants Lukasik and Lecky also noted that "[n]o

---

[4]During this period, Young Apartments' discovery included taking depositions of Lukasik, Lecky, other Jupiter officials, and various other witnesses.  It is unclear from the record whether Young Apartments also conducted written discovery, but Young Apartments' submission in opposition to the Defendants' motions for summary judgment did include various documentary submissions.

10

new evidence obtained shows that [Young Apartments] was treated differently from a similarly situated landlord with non-Hispanic tenants in connection with the enforcement of [the] Ordinance." In various pleadings filed during this summary judgment phase, Young Apartments emphasized that it was not pursuing a "class of one" claim, but instead, its claim against the Defendants was that "Lecky and Lukasik directed the enforcement of the [O]rdinance solely against properties in the areas . . . that were heavily occupied by Hispanic immigrants . . . and that Young Apartments was hit by that targeted program."

In August 2009, the district court granted summary judgment in full to Jupiter and Defendants Lukasik and Lecky. As to Defendants Lukasik and Lecky, the district court determined that, in their individual capacities, (1) Lukasik and Lecky did not enforce the Ordinance in violation of the Equal Protection Clause of the Fourteenth Amendment, and (2) Lukasik and Lecky were entitled to qualified immunity. The district court also rejected Young Apartments' claims of racially discriminatory enactment and enforcement against Jupiter. The district court concluded that Young Apartments produced no evidence of selective enforcement motivated by racial discrimination, stating:

> [t]he Eleventh Circuit required plaintiff to provide new evidence to support its [selective enforcement] claim. This Court has reviewed the entire record and is unable to find new evidence to support plaintiff's claim. At the hearing [on the motions for summary judgment], this Court

11

specifically asked plaintiff to detail the new evidence upon which it relies. Plaintiff cited two sources of evidence: (1) the "Overcrowding Investigations" log and (2) overcrowding complaints from former plaintiff Weston.  Both of those documents were before this Court when it initially considered this issue. None of this evidence is directed at establishing that Young Apartments was similarly situated to another entity that Jupiter knew was overcrowded and that Jupiter failed to investigate or cite.

This same issue goes to any selective enforcement claim plaintiff brings against individual defendants Lukasik and Lecky. There is nothing in the record that shows that Young Apartments was treated differently from a similarly situated landlord of non-Hispanic tenants.

(emphasis added).

Plaintiff Young Apartments appealed the district court's grant of summary judgment as to all Defendants.  In December 2010, this Court affirmed the district court's grant of summary judgment to Jupiter and Defendants Lukasik and Lecky based on a lack of evidence.  See Young Apartments, Inc. v. Town of Jupiter, Fla., ("Young II"), 406 F. App'x 376 (2010).  In Young II, this Court stated Plaintiff Young Apartments had produced no evidence that landlords of non-Hispanic tenants were treated differently or more favorably than Plaintiff, stating:

We also affirm the district court's grant of summary judgment in favor of Jupiter, Lukasik, and Lecky on Young's claim of unequal enforcement. First, we observe from the record that Young failed to present any new evidence of Jupiter's unequal enforcement and, in fact, merely duplicated its previous argument. Second, because Young failed to show that a similarly situated landlord of non-Hispanic tenants was treated differently from it, the grant of summary judgment is due to be affirmed.

12

Finally, we agree with the district court that Lukasik and Lecky enjoy qualified immunity. Young has failed to establish that either of these individuals violated its federal constitutional rights. Specifically, Young sued Lukasik and Lecky for enforcing the Ordinance unequally against it as a landlord of Hispanic tenants. As previously discussed, this claim fails because Young produced no evidence of a similarly situated landlord of non-Hispanic tenants who was treated more favorably, as required by our circuit precedents.

Id. at 378 (emphasis added and footnote omitted).

On March 7, 2011, this Court granted Defendants Lukasik and Lecky's motion to transfer the issue of appellate attorneys' fees in Young II to the district court for consideration of what fees should be awarded for the Young II appeal. With this background, we turn to the § 1927 attorneys' fees issue that is the sole subject of this third appeal.

## II.  THE ATTORNEYS' FEES LITIGATION

### A.    Lukasik and Lecky's Motion Filed April 29, 2011

Following this Court's decision in Young II, Defendants Lukasik and Lecky filed an April 29, 2011 renewed motion for attorneys' fees in the district court, through which they sought to recover their attorneys' fees and costs from Young Apartments and its counsel.  The Defendants first argued that they were entitled, as prevailing parties under 42 U.S.C. § 1988, to recover from Young Apartments all of the attorneys' fees they incurred in defending against Young Apartments'

13

suit from inception and throughout the entire case because there was never any evidence to support any of Plaintiff's allegations and the lawsuit was frivolous.

Further, as to Plaintiff's counsel, Defendants Lukasik and Lecky's April 29 motion expressly sought to recover attorneys' fees under 28 U.S.C. § 1927 "jointly and severally" from "Young Apartments and [its] counsel" of record, but limited to only those fees incurred after the Young I decision.  As noted above, the Young I decision had held that Defendants Lukasik and Lecky were sued individually, not in their official capacity.  Defendants Lukasik and Lecky's motion pointed out that after the Young I decision and after the case was back in the district court, counsel for Young Apartments prosecuted selective enforcement claims against Defendants Lukasik and Lecky knowing no evidence supported those claims.

As a result of Plaintiff Young Apartments' "counsel's unwillingness to abandon [a] clearly baseless claim," Defendants Lukasik and Lecky's April 29 motion argued that they incurred nearly $83,000 in attorneys' fees in (1) defending themselves against Young Apartments' baseless claims in the district court after the Young I remand, (2) filing a motion for summary judgment, which the district court granted in the Defendants' favor, and (3) successfully defending the district court's summary judgment ruling on appeal in Young II.  In their April 29 motion, Defendants Lukasik and Lecky estimated that, of the approximately $83,000 spent

14

after the remand in Young I, $55,000 was spent on attorneys' fees for their defense

in the district court after Young I, and $28,000 was spent on appellate attorneys'

fees for their defense before this Court in the Young II proceedings.

Defendants Lukasik and Lecky's April 29 motion explained how counsel

for Young Apartments engaged in "unreasonable and vexatious conduct," which

"multiplied the proceedings," constituted "bad faith," and justified an award of

attorneys' fees as a sanction under § 1927. Lukasik and Lecky's motion put

Young Apartments and its counsel on notice of the specific conduct that supported

their § 1927 motion for attorneys' fees as sanctions. In significant detail, Lukasik

and Lecky's 18-page motion summarized the above procedural history of the

litigation before the first appeal, and then detailed at length what happened in the

district court after the remand in Young I and later on appeal in Young II.

For example, Defendants Lukasik and Lecky's April 29 motion explained

that after the remand, Young Apartments' counsel was allowed to take depositions

and submit written discovery, but never found or presented any evidence of

disparate treatment or unequal enforcement to support Young Apartments' claims:

> On remand, Young Apartments was not only allowed to present
> . . . "new evidence" . . . , but was in fact given the opportunity of
> conducting new depositions and written discovery in order to obtain
> such new evidence. Yet, when Jupiter, Lukasik, and Lecky again moved
> for summary judgment, Young Apartments failed to present any new
> evidence to show that it was treated differently from landlords of

15

non-Hispanic tenants.  As such, [the district court] granted the motions for summary judgment . . . .

. . . .

[The district court] concluded, "There is nothing in the record that shows that Young Apartments was treated differently from a similarly situated landlord of non-Hispanic tenants," and held that, "After a careful review of the record, this Court does not find that Jupiter selectively enforced [the Ordinance]. . . ."

. . . .

On May 2, 2007, Young Apartments filed a notice of appeal . . . . In their brief to the Eleventh Circuit, Lukasik and Lecky focused extensively on the fact that Young Apartments had failed to present any new evidence of unequal enforcement. Young Apartments wholly ignored the argument, attempting to stray the Eleventh Circuit's attention from that fact. It was unsuccessful.

Indeed, the Eleventh Circuit affirmed [the district court's order] granting summary judgment in favor of Lukasik and Lecky, specifically noting,

> We also affirm the district court's grant of summary judgment in favor of Jupiter, Lukasik, and Lecky on Young's claim of unequal enforcement. First, we observe from the record that Young failed to present any new evidence of Jupiter's unequal enforcement and, in fact, merely duplicated its previous argument. Second, because Young failed to show that a similarly situated landlord of non-Hispanic tenants was treated differently from it, the grant of summary judgment is due to be affirmed.

Defendants, Andrew D. Lukasik and Robert Lecky's Renewed Verified Motion for Entitlement of Trial and Appellate Attorneys' Fees and Costs, pages 7-9 (headings and citations omitted).  Simply put, the basis for Defendants Lukasik and Lecky's April 29 motion for § 1927 attorneys' fees was mainly that "Young Apartments

16

continued to prosecute this case and presented the same insufficient evidence it presented at the first summary judgment a year before, in turn requiring Lukasik and Lecky to continue incurring fees to defend this baseless action."

Defendants' motion also specifically alleged these facts: (1) that Plaintiff's counsel's unreasonable and vexatious conduct was "in continuing to litigate this baseless claim against Lukasik and Lecky without any evidence of unequal enforcement"; (2) that this "unreasonable and vexatious conduct has multiplied the proceedings by compelling Lukasik and Lecky to defend the case on remand and on appeal in Young [II]"; (3) "as a direct result of Young Apartments and his counsel's unwillingness to abandon the clearly baseless claim" Defendants expended nearly $83,000 in attorneys' fees; and (4) given that counsel knew they had no evidence to support their claim, Young Apartments' "counsel's continued litigation of the unequal enforcement claim on remand amounts to bad faith."

Counsel for Defendants Lukasik and Lecky included a "Verification of Motion" paragraph in the April 29 motion, which stated that defense counsel "has personal knowledge of the matters set forth herein. He has read the Motion and states that the facts alleged and set forth herein are verified and correct."

Defendants Lukasik and Lecky also offered to submit affidavits regarding the reasonableness of the total hours expended on and fees sought for their

17

defense, in the event that the district court granted the motion as to their entitlement to attorneys' fees.

## B.    District Court's Order, Dated June 7, 2011, Granting Defendants Lukasik and Lecky's § 1927 Motion by Default

Neither Plaintiff Young Apartments nor its counsel of record filed a response to Defendants Lukasik and Lecky's April 29 motion for attorneys' fees against both Young Apartments and its counsel under § 1927.[5]

On June 7, 2011, the district court entered an order entitled "Order Granting by Default Renewed Verified Motion for Trial and Appellate Attorneys' Fees and Costs." The district court, after indicating that it "ha[d] carefully considered the motion, applicable law, and pertinent portions of the record," granted Lukasik and Lecky's motion by default, pursuant to Southern District of Florida Local Rule 7.1(c). The district court's order quoted the text of Rule 7.1(c), which states that "[e]ach party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c).

At the time the district court entered its June 7 default order, Young Apartments and its counsel had not responded to Defendants Lukasik and Lecky's

---

[5]We recognize that Defendants' motion also sought fees against Young Apartments under § 1988 and § 1927. Because Young Apartments does not appeal the fees against it, we focus on only the fees awarded under § 1927 against Young Apartments' counsel.

18

§ 1927 motion for over 38 days.

The district court's order also permitted Defendants Lukasik and Lecky, within 30 days, to file affidavits or other corroborating documentation in support of the reasonableness of the amount of fees and costs requested.

## C.    Affidavit and Billing Records Filed July 8, 2011

On July 8, 2011, in support of their fees motion, Defendants Lukasik and Lecky filed (1) an affidavit from their attorney, and (2) time and billing records, which demonstrated that their attorneys had expended a total of 1068.5 hours on Lukasik and Lecky's defense.  Of the 1068.5 total hours, 376.3 were expended in Lukasik and Lecky's defense in the district court after the Young I remand, and 234.7 were expended defending the district court's summary judgment ruling before this Court in the Young II proceedings—a total of 611 hours.  Lukasik and Lecky requested that the district court find that hourly rates of $110 to $130 per hour for associates, and up to $180 per hour for partners, were reasonable in light of the experience of the attorneys and the work performed in the litigation.

Defendants Lukasik and Lecky asked that the district court award them (1) $139,397 in attorneys' fees from Young Apartments, under § 1988, for fees incurred in the entire litigation; and (2) $82,341 in attorneys' fees jointly and severally recoverable from Young Apartments and its counsel under § 1927, for

19

fees after the Young I remand.

**D.      Tedards's Response Filed August 5, 2011, on Behalf of Tedards and Weeks, Challenging Defendants' Entitlement to Fees**

On August 5, 2011, William Tedards, one of Young Apartments' counsel, filed a response to Defendants' July 8 documents (showing Defendants' attorneys' hours expended and billing rates).  In the district court, Tedards's response admitted that he had no authorization from his client—Young Apartments—to contest the § 1988 award of $139,397 against Young Apartments.

Rather, Tedards's August 5 response argued that the district court should deny what Tedards termed the "overlapping" § 1927 fee request against counsel for Young Apartments.  In other words, because the full amount of $139,397 was recoverable under § 1988 against Young Apartments, Tedards contended that no sum was recoverable under § 1927 against counsel for Young Apartments.

Importantly for this third appeal, Counsel Tedards's August 5 response also addressed the substance of whether Defendants Lukasik and Lecky were entitled to attorneys' fees against Young Apartments' counsel under § 1927.  Counsel Tedards's August 5 response, filed in the district court, contended that he did not tell this Court in Young I that he had been prevented from introducing certain evidence, or that he intended to renew a claim, post-remand in Young I, that relied on previously excluded evidence.  Counsel Tedards's August 5 response conceded

that Defendants Lukasik and Lecky may have been misled during the post-<u>Young</u> <u>I</u> remand summary judgment proceedings and may have devoted unnecessary effort to certain issues.  Counsel Tedards admitted that he could have emphasized more clearly the precise nature of Young Apartments' claim <u>after</u> remand and in the second summary judgment phase, that he had offered to settle the § 1927 attorneys' fees issue with Defendants, and that his offer had been rejected, stating:

> [c]onsidering all of the circumstances, Young Apartments' counsel has offered to take responsibility for a portion of the time the individual defendants' counsel spent prior to the briefing in the second summary judgment phase, on the theory that Young Apartments could have emphasized more clearly after the remand that it had no intention of renewing a claim which would depend on "similarly-situated" evidence. Having received a rejection of its offer from the individual defendants, Young Apartments has incorporated its offer in the form of the proposed order which is attached, which addresses only the 28 U.S.C. § 1927 claim directed to counsel. Counsel submits that this is a fair and reasonable resolution of this particular issue, given that the basis for the § 1927 motion, as reflected in the time entries, does not exist.

Counsel Tedards's August 5 response also included a proposed order to the district court concerning the § 1927 award, in which Counsel Tedards offered to settle the issue of attorneys' fees against counsel for "an amount equal to twenty percent (20%) of the attorney fees expended during the proceedings in [the district court] <u>after remand</u> from the Eleventh Circuit, the dollar amount to be determined and agreed to by the parties." (emphasis added).

 Counsel Tedards's August 5 response also argued that Young Apartments'

21

local counsel, Michael Weeks, had played no substantive role in the case.

Defendants Lukasik and Lecky moved to strike Counsel Tedards's August 5 response, arguing that it did not address the reasonableness of the amount of hours expended or the rates charged by their attorneys. Defendants pointed out that Counsel Tedards's August 5 response, instead, addressed the basis for the entitlement to fees, which was already conclusively determined in the district court's earlier default order entered on June 7, 2011.

**E.    District Court's Order Filed October 12, 2011**

On October 12, 2011, the district court entered an order making several findings. For example, the district court found: (1) that "the total hours expended by Defendants' attorneys (1,068.5) was reasonable"; (2) that "Defendants' attorneys claim rates of $110–$130 per hour for associates, and a maximum of $180 per hour for partners"; (3) that "Defendants also submitted the declaration of an attorneys' fees expert"; and (4) that "based on this evidence, the nature of the case, and the Court's knowledge and experience," the Defendants' attorneys' "rates are reasonable." The district court granted the motion for fees in part, awarding Defendants Lukasik and Lecky $139,397 in attorneys' fees (plus interest) under § 1988.

The district court also concluded, however, that because the 611 hours

22

claimed under § 1927 were already included in the total 1068.5 hours claimed under § 1988, the request for an award under § 1927 was "duplicative" and thus denied.

Notably too for this third appeal, the district court also addressed Counsel Tedards's August 5 response, which argued that the Defendants were not entitled to fees under § 1927. In its October 12 order, the district court concluded that: (1) "Plaintiff failed to lodge any objections to the reasonableness of the rates" and "Plaintiff failed to lodge any objections regarding the reasonableness of the hours claimed"; (2) "[r]ather, Plaintiff's opposition improperly challenges Defendants' entitlement to fees" and "the Court has already decided the issue of entitlement"; (3) Plaintiff waived its opportunity to argue the entitlement issue "when it failed to timely respond to the motion for attorneys' fees"; and (4) Plaintiff "has also waived its opportunity to argue the issue of reasonableness by failing to address this issue at all in its response to Defendants' memorandum."[6]

After the district court entered this October 12 order, Defendants Lukasik and Lecky, on October 14, 2011, filed a motion for "clarification and correction" of the district court's October 12 order.  Lukasik and Lecky's October 14 motion

---

[6]Although Defendants had moved to strike Tedards's August 5 response, the district court did not grant their motion to strike.  Instead, the district court considered Tedards's August 5 response and determined that Tedards had already had an opportunity to be heard but defaulted as to the issue of entitlement.

23

pointed out that they had not sought an additional or duplicative award amount under § 1927, but rather, had argued that they were entitled to the $139,397 on two alternative bases: under § 1988 for the full amount of $139,397, and under § 1927 for the post-Young I remand portion of $82,341.  Defendants Lukasik and Lecky also clarified that the $82,341, which they sought under § 1927, was recoverable from Young Apartments and its counsel of record, as expressly stated in Lukasik and Lecky's April 29 motion for fees.

## F.    District Court's Order Filed October 26, 2011

On October 26, 2011, the district court entered an order that modified its October 12 order on fees.  The district court reiterated that the total amount of attorneys' fees awarded to Defendants Lukasik and Lecky under § 1988 remained $139,397.

The district court's October 26 order stated that the October 12 order "is modified for clarification only with respect to the portion of the fees awarded pursuant to 28 U.S.C. § 1927."  The district court clarified that the "portion of the total attorneys' fees which is attributable to" attorney time expended after the remand—or $82,341 of the total $139,397—"shall be recoverable [under § 1927] from [Young Apartments] and its counsel of record, jointly and severally."

## G.    Tedards's October 31, 2011 Filings and the District Court's February 22, 2012 Order

24

On October 31, 2011, Counsel Tedards then filed two pleadings: (1) a response to Defendants Lukasik and Lecky's October 14 motion for clarification and correction, and (2) a motion to amend or correct the district court's October 26 order.  Counsel Tedards's October 31 response, as had his earlier August 5 response, argued that the fees Lukasik and Lecky were seeking against counsel under § 1927 were still "overlapping" of the award already made under § 1988 and should be denied.  Counsel Tedards's October 31 response also argued that "any award under 28 U.S.C. § 1927 should be limited to the excess fees the Defendants allegedly incurred during the [post-remand] summary judgment phase mistakenly [defending against] an individual 'class of one' type of claim that Young Apartments was no longer pursuing."

Most of Counsel Tedards's October 31 response, as had his earlier August 5 response, argued about entitlement, including that local counsel Weeks played no substantive role in the case and was not responsible for any decisions or actions in the cases, and thus should not be liable under § 1927.  Tedards's October 31 response, just as his August 5 response, failed to address the default and failed to give an excuse or even any explanation for why counsel, both Tedards and Weeks,

25

had defaulted as to Defendants' April 29 motion as to entitlement.[7]

Then, in an order entered February 22, 2012, the district court again considered Young Apartments' counsel's opposition to the § 1927 sanctions against counsel. The district court construed Tedards's October 31 motion to amend or correct the October 12 order as a motion for reconsideration of the § 1927 award and denied the motion. The district court reviewed the factual history of the attorneys' fees litigation and again pointed out that (as to Defendants Lukasik and Lecky's April 29 motion) Plaintiff's counsel had "failed to file a response within the time provided by the rules, and on June 7, 2011, the Court granted Defendants' motion by default as to the issues of entitlement. . . . [and] Defendants [Lukasik and Lecky] were also ordered to file a supplemental memorandum regarding the reasonableness of the amount of fees requested."

As part of recounting the factual history, the district court noted (1) how Lukasik and Lecky filed their fee memorandum and supporting documentation as to the amount of fees, but (2) Tedards's August 5 response "only addressed issues of entitlement, which the Court had already decided in its June [7], 2011 order." The district court then noted (1) that its October 12 order had granted Lukasik and

---

[7]Young Apartments' counsel also timely filed a Notice of Appeal from the district court's October 26 modified § 1927 sanctions order.

Lecky $139,397 in reasonable attorneys' fees under § 1988 and initially denied "as duplicative what the Court construed as a request for additional fees" under § 1927, but then (2) Lukasik and Lecky filed a motion for clarification or correction of that October 12 order, explaining that Lukasik and Lecky's § 1927 "request was not a request for additional fees," but was instead "made as an alternative theory for recovery."

Further as to factual history, the district court also observed that "Defendants certified that they had conferred with counsel for [Young Apartments] who agreed with th[e] factual representation" that it was an alternative theory for awarding fees. In light of the § 1927 request being an alternative theory and Plaintiff's counsel's prior default as to that request, the district court explained that it entered its October 26 order of clarification to make the $82,341 attributable to the attorney hours expended after the Young I remand recoverable from both Young Apartments and its counsel of record, jointly and severally under § 1927. The district court pointed out that the total amount of attorneys' fees awarded remained undisturbed.

In denying Counsel Tedards's October 31 motion for reconsideration of the § 1927 fee award as to counsel, the district court further found that: (1) Weeks had participated as Young Apartments' counsel as early as December 2008;

27

(2) Defendants Lukasik and Lecky filed their motion for attorneys' fees nearly three years later in April 2011; (3) Plaintiff's counsel "had ample opportunity to assert any arguments with respect to Defendants' entitlement to attorneys' fees under section 1927 by filing a timely response to the [April 29] motion"; and (4) Plaintiff's counsel "failed to do so, and his late attempt to argue issues which have already been decided is not a proper basis for reconsideration."

Plaintiff's counsel now appeal as to the § 1927 award against them.

### III.  STANDARD OF REVIEW

We review a district court's award of attorney fees under 28 U.S.C. § 1927 for an abuse of discretion.  See Norelus v. Denny's, Inc., 628 F.3d 1270, 1280 (11th Cir. 2010); Amlong & Amlong, P.A. v.  Denny's, Inc., 500 F.3d 1230, 1237 (11th Cir. 2007); McMahan v. Toto, 256 F.3d 1120, 1128 (11th Cir. 2001).  "The application of an abuse-of-discretion review recognizes the range of possible conclusions the trial judge may reach."  Norelus, 628 F.3d at 1280 (quotation marks omitted).  As we noted in the § 1927 case Norelus,

> [U]nder an abuse of discretion standard there will be circumstances in which we would affirm the district court whichever way it went[.] [See] In re Rasbury, 24 F.3d 159, 168 (11th Cir. 1994) ("Quite frankly, we would have affirmed the district court had it reached a different result, and if we were reviewing this matter de novo, we may well have decided it differently."). [W]hen employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard.

28

Norelus, 628 F.3d at 1280 (first and last alterations in original) (internal quotation marks omitted).

## IV.  DISCUSSION

### A.    Legal Principles Concerning 28 U.S.C. § 1927

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  To warrant sanctions pursuant to § 1927, an attorney must (1) "engage in unreasonable and vexatious conduct"; (2) "this conduct must multiply the proceedings"; and (3) "the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct."  Peer v. Lewis, 606 F.3d 1306, 1314 (11th Cir. 2010) (internal quotation marks omitted); Amlong, 500 F.3d at 1239.

An attorney multiplies the proceedings unreasonably and vexatiously "only when the attorney's conduct is so egregious that it is 'tantamount to bad faith,' " which turns on the objective conduct of the attorney.  Peer, 606 F.3d at 1314 (quoting Amlong, 500 F.3d at 1239).  Bad faith is an objective standard that is satisfied when an attorney "knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous

29

claims." Amlong, 500 F.3d at 1242 (quoting Schwartz v. Million Air, Inc., 341 F.3d 1220, 1225 (11th Cir. 2003)). Similarly, whether an attorney's conduct is "vexatious" "requires an evaluation of the attorney's objective conduct." Id. at 1240. "[T]he attorney's subjective state of mind is frequently an important piece of the calculus, because a given act is more likely to fall outside the bounds of acceptable conduct and therefore be 'unreasonabl[e] and vexatious[ ]' if it is done with a malicious purpose or intent." Id. (alterations in original). An attorney facing § 1927 sanctions must be afforded an opportunity to be heard. Id. at 1242.

## B.    Analysis

Attorneys Tedards and Weeks ("Counsel") offer four arguments in support of their contention that the district court abused its discretion in awarding attorneys' fees against them under § 1927: (1) there was no multiplication of proceedings as required by § 1927 because there were no "excess" costs incurred by Defendant beyond those Defendants claimed under § 1988; (2) any multiplication of proceedings did not result in Lukasik and Lecky incurring such "excess" costs or fees; (3) the district court failed to make factual findings with respect to either the multiplication of proceedings or any "excess" fees or costs; and (4) Attorney Weeks, as local counsel, only came into the proceedings following this Court's decision in Young I, and he played a limited, non-

30

substantive role.[8]

Counsel's appeal lacks merit for several reasons. First, the district court did not err in granting Defendants Lukasik and Lecky's April 29, 2011 motion for attorneys' fees by default. It is undisputed that Lukasik and Lecky's April 29 motion for attorneys' fees gave Counsel clear notice of their own potential liability under § 1927. That April 29 motion also described the conduct that was vexatious and caused multiplication of the proceedings after Young I. Specifically, the April 29 motion alleged that: (1) Plaintiff's Counsel after remand pursued a baseless selective enforcement claim knowing there was no evidence to support that claim; (2) this caused Lukasik and Lecky to defend the case, participate in discovery, and file a motion for summary judgment in the district court; and (3) then required Lukasik and Lecky to defend the district court's summary judgment ruling in the Young II appeal.

---

[8]The dissent makes several arguments that the Appellants' initial brief does not make. For example, the dissent argues that Plaintiff's Counsel should have had "a more meaningful opportunity to be heard." As the dissent reluctantly admits counsel did not raise that issue on appeal. Indeed, Appellants' brief does not list lack of an opportunity to be heard as an issue raised on appeal. Instead, the four sections of the Appellants' brief track expressly and only the four issues we list above.

We also respectfully suggest that the district court fully heard from Plaintiff's Counsel in the August 5 response, which was rejected in the district court's October orders, and then considered Plaintiff's Counsel's October 31 arguments before rejecting them in the February 22, 2012 order. Notably too, Tedards's October 31 response argued essentially what was already argued in his August 5 response and was already rejected by the district court in its October orders. If anything, the record reflects full due process in this case.

After receiving notice of what conduct was alleged to be vexatious, in bad faith, and multiplicitous, Plaintiff's Counsel did not respond at all to this April 29 motion within the time limits prescribed by the Local Rule governing motions practice in the Southern District of Florida, thereby placing Counsel in default and providing the district court with a sufficient basis for granting the April 29 motion as to the entitlement issue. See S.D. Fla. L.R. 7.1(c) (stating that "[e]ach party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default.").

And Plaintiff's Counsel, by their default, admitted the factual allegations of vexatious conduct, bad faith, and multiplicity of proceedings contained in the 18-page, April 29 motion for attorneys' fees under § 1927 against Plaintiff and its counsel. Cf. Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (internal quotation marks omitted)); Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987) (stating "[t]he liability of [the defendant] is not at issue. Such liability is [sufficiently] pled in the complaint, and is therefore established by the entry of

32

default against him."); Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (stating "[a]ttempts by a defendant to escape the effects of his default should be strictly circumscribed; he should not be given the opportunity to litigate what has already been considered admitted in law.").[9]  By virtue of their default, Plaintiff's Counsel admitted the allegations in the April 29 motion, which were that they pursued a baseless claim knowing no evidence supported it, that this was vexatious conduct that amounted to bad faith, and that as a direct result of their unwillingness to abandon the clearly baseless claim, the Defendants had to defend themselves in the second summary judgment proceedings and the Young II appeal.  The April 29 motion clearly alleged that all of the post-remand proceedings amounted to a bad faith pursuit of a baseless claim against Defendants Lukasik and Lecky without any evidence.  Since that factual basis of the § 1927 motion was admitted by default, there was no factual dispute for the district court to resolve as to entitlement.

Second, Counsel's briefs on appeal do not address the district court's June 7 default order or the actual—and correct—basis for all of its rulings on Lukasik and Lecky's motion for attorneys' fees: Counsel's default in not responding to

---

[9]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Defendants' April 29 motion.  Counsel do not contest the district court's <u>finding of default</u> as to Lukasik and Lecky's entitlement to fees under § 1927 against Counsel.  Indeed, Counsel's August 5 and October 31 responses ignored the default finding as to entitlement, never offered an excuse or any explanation for not responding to that April 29 motion, which the district court granted on June 7, and continued to make the same arguments about entitlement which were rejected by the district court in its October 2011 and February 2012 orders due to the initial default.

Third, as to the amount of fees, Counsel do not even raise an argument on appeal as to the reasonableness of either (1) the number of hours expended by the attorneys for Lukasik and Lecky, or (2) the hourly rates charged by the attorneys for Lukasik and Lecky.  Accordingly, Counsel have abandoned any argument as to the reasonableness of the hours expended or the rates charged.[10]  See <u>Access Now,</u>

---

[10]Attorney Tedards has candidly admitted that local counsel Weeks played a limited role in the litigation.  We note that Weeks entered his notice of appearance on Young Apartments' behalf on December 18, 2008, less than a month after the district court reopened the proceedings on remand after <u>Young I</u>.  Weeks represented Young Apartments from that 2008 date and through the 2011 <u>Young II</u> appeal and even to the present.  Weeks could have timely responded to Lukasik and Lecky's motion for fees and costs under § 1927, but elected not to do so, instead defaulting under the Local Rules.

In addition, we note that all of Young Apartments' filings were signed by both attorneys of record, and, even accepting Tedards's statement regarding Weeks's limited role, Weeks nevertheless participated in the litigation as counsel of record.  We therefore cannot say that the district court abused its discretion by making Weeks jointly and severally liable for the § 1927 award, given that Weeks too defaulted in the district court.

34

Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (recognizing as a well-settled principle that "a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed").

Fourth, we recognize that Plaintiff's Counsel argues that (1) there can be no multiplicity of proceedings under § 1927 unless the attorneys' conduct produced costs beyond what the Defendants already recovered under § 1988, and (2) thus, "excess" costs caused by bad faith conduct means costs beyond what is recovered under § 1988.[11] This "excess costs" argument not only lacks merit but wholly misapprehends § 1927. Section 1988 does not award fees against counsel but only against the non-prevailing party. See 42 U.S.C. § 1988(b). In contrast, § 1927 awards fees against counsel for that counsel's bad faith conduct, such as pursuit of a baseless claim knowing no evidence supported it. See 28 U.S.C. § 1927; Amlong, 500 F.3d at 1242. There is no basis, and Plaintiff's Counsel cite none, to limit the application of § 1927 by a request for fees under § 1988. And there was

---

[11]Here is Plaintiff's Counsel's first issue and argument:

A sine qua non is that the conduct of the attorney must "multiply the proceedings." In this case, that would mean that the proceedings would have to have been multiplied to produce costs beyond those that the defendants are claiming under 42 U.S.C. § 1988. Otherwise, the requirement that sanctions be imposed only on the basis of "excess" costs would have no meaning. The defendants' statement that the costs are "concurrent" negates any argument that the costs exceed those that are already being incurred.

no need to factually determine what portion of the post-remand fees were recoverable because Defendants' April 29 motion made clear that Defendants alleged that the entire post-remand proceedings, including the second summary judgment proceedings and the second appeal, involved a claim Plaintiff's Counsel knew was baseless and without any evidentiary support. Plaintiff's Counsel defaulted and thus conceded those factual allegations in the April 29 motion.[12]

In light of the foregoing, after our review of the briefs and the record in this case, and with the benefit of oral argument, we conclude that Counsel have not carried their burden of demonstrating an abuse of discretion by the district court, and we affirm the district court's § 1927 award of $82,341 in attorneys' fees in favor of Lukasik and Lecky and against Tedards and Weeks.

**AFFIRMED.**

---

[12]The dissent argues that after the default order, the district court still should have had a hearing and made findings on "the propriety of sanctions and the amount." This ignores that Plaintiff's Counsel not only defaulted as to Defendants' allegations of vexatious conduct throughout the entire post-remand phase and entitlement under § 1927, but also lodged no objections to the number of hours or the hourly rates charged. And the district court made findings that the number of hours claimed for the post-remand phase and the rates charged were reasonable. The dissent's analogy to liability and damages fails because (1) the default as to liability here was broad in scope, i.e, an admission that all post-remand proceedings involved the pursuit of a baseless claim without any evidence and in bad faith, and (2) then subsequently there was no objection to the amount of hours expended and the rates charged during those post-remand proceedings.

36

WHITTEMORE, District Judge, dissenting:

I respectfully disagree with the majority and conclude that the district court abused its discretion when it sanctioned Plaintiff's attorneys under 28 U.S.C. §1927 without finding that they unreasonably and vexatiously multiplied the proceedings and without finding that the amount of the sanction represents the excess fees incurred by Defendants.[1]  Without findings from the district court, a meaningful review of its decision to impose sanctions cannot be conducted.  For this reason, I would reverse and remand to the district court.

Plaintiff's attorneys, William P. Tedards and Michael A. Weeks, challenge the $82,341 fee sanction imposed against them by the district court under § 1927. Tedards and Weeks correctly point out that the district court failed to make any findings regarding their conduct or how it multiplied the proceedings.  And they make a compelling argument that they did not unreasonably and vexatiously multiply the proceedings and that the sanction amount exceeds any multiplication of the proceedings they may have caused.  Essentially, they contend they did not act in bad faith and there was no basis for the sanction award.  *See Peer v. Lewis*, 606 F.3d 1305, 1314 (11th Cir. 2010)("An attorney multiplies the proceedings

---

[1] The district court's decision to impose sanctions pursuant to 28 U.S.C. § 1927 is reviewed for abuse of discretion. *Amlong & Amlong, P.A. v. Denny's, Inc.; et al.*, 500 F.3d 1230, 1237 (11th Cir. 2007).

37

unreasonably and vexatiously 'only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" (quoting *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d at 1239)).

**Summary of proceedings**

The proceedings leading to imposition of the sanction against the attorneys are described in the majority's opinion.  In summary, the district court, in accordance with its Local Rules, initially awarded attorney's fees "by default" against Plaintiff in favor of Defendants after Plaintiff failed to respond to Defendants' initial motion for attorney's fees.[2]  That fee award is not challenged. Ultimately, however, the district court modified its order and imposed a joint and several fee award against Plaintiff's attorneys as a sanction ("The order is modified for clarification only with respect to the portion of the fees awarded pursuant to 28 U.S.C. § 1927 . . . The portion of the total attorney's fees which is attributable to the 234.7 hours expended on remand . . . shall be recoverable from Plaintiff and its counsel of record, jointly and severally.").

---

[2] *See* S.D. Fla. L.R. 7.1.C (2008)(providing that the failure to file an opposing memorandum of law within the permitted time "may be deemed sufficient cause for granting the motion by default.")

38

The district court's initial fee award was only against Plaintiff Young Apartments.  Indeed, in its October 12, 2011 order, the district expressly declined to award fees against Tedards and Weeks.  In response, Defendants sought clarification, seeking a joint and several award of a portion of the fees against both attorneys under § 1927.  Notwithstanding that the time to respond to the motion had not expired, the district court essentially reversed itself, modified its order, and imposed the challenged sanction against the attorneys.[3]  Counsel's timely response in opposition to the motion was therefore rendered moot.  Their motion to amend/correct the order was denied by the district court on the basis of the "prior default."

**Sanctions under § 1927**

Before sanctions may be imposed under § 1927, three requirements must be met:

> First, the attorney must engage in 'unreasonable and vexatious'
> conduct.  Second, that 'unreasonable and vexatious' conduct must be
> conduct that 'multiplies the proceedings.'  Finally, the dollar amount
> of the sanction must bear a financial nexus to the excess proceedings,

---

[3] Entering the order before the time for a response expired is troublesome. *See Donaldson v. Clark,* 819 F.2d 1551, 1555 (11th Cir. 1987) (Because we have held that the district court failed to give plaintiff's counsel the full ten-day period to submit material in opposition to the converted summary judgment motions, the district court should wait until counsel has had such an opportunity before deciding whether to impose Rule 11 sanctions.)

39

i.e., the sanction may not exceed the 'costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'

*Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d at 1239 (quoting *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)).  An attorney multiplies proceedings "unreasonably and vexatiously" "only when the attorney's conduct is so egregious that it is 'tantamount to bad faith,'" which turns on the objective conduct of the attorney and requires a comparison of the attorney's conduct against the conduct of a "reasonable" attorney. *Id.*  Similarly, whether an attorney's conduct is "vexatious" "requires an evaluation of the attorney's objective conduct." *Id.*  Notwithstanding, "the attorney's subjective state of mind is frequently an important piece of the calculus, because a given act is more likely to fall outside the bounds of acceptable conduct and therefore be 'unreasonabl[e] and vexatious[ ]' if it is done with a malicious purpose or intent." *Amlong & Amlong, P.A.*, 500 F.3d at 1241.

Considering these statutory pre-requisites for imposition of sanctions under § 1927, and the nuances of evaluating the objective reasonableness of an attorney's litigation conduct, it is unsurprising that Circuit precedent mandates that an attorney facing § 1927 sanctions be afforded a hearing and requires the district court to make a finding of bad faith before sanctions can be imposed.

40

*Amlong & Amlong, P.A.*, 500 F.3d at 1242 ("Plainly, an attorney threatened with sanctions under § 1927 is entitled to a hearing.") (citing *Reynolds v. Roberts*, 207 F.3d 1288, 1302 (11th Cir. 2000)); *see In re Mroz*, 65 F.3d 1567, 1576 (11th Cir. 1995) (where sanctions imposed based on inherent authority of court, remand necessary to determine if parties acted in bad faith and to afford due process).

**Absence of findings**

The plain language of § 1927, as well as Circuit precedent, required the district court to make findings before imposing sanctions against Plaintiff's counsel, specifically that they acted in bad faith by unreasonably and vexatiously multiplying the proceedings. *Hudson v. International Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007) (plain language of § 1927 requires findings of unreasonable and vexatious conduct, multiplication of proceedings, and that the dollar amount of the sanction bears a financial nexus to the excess proceedings); *Amlong & Amlong, P.A. v. Denny's. Inc., et al.*, 500 F.3d at 1251-52 (". . . we have held that before a court can impose sanctions on an attorney under its inherent power, it must make a finding of bad faith . . ."). Although the district

41

court had ample opportunity to do so, it never made any findings to support the §1927 sanction.[4]

The majority notes that Defendants' renewed motion for attorneys' fees "explained how counsel for Young Apartments engaged in 'unreasonable and vexatious conduct,' which 'multiplied the proceedings,' constituted 'bad faith,' and justified an award of attorneys' fees as a sanction under § 1927." The majority concludes that "by their default," Tedards and Weeks "admitted the factual allegations of vexatious conduct and multiplicity of proceedings" in that motion.

I find no support for this conclusion. More importantly, Defendants' explanation of how Tedards and Weeks engaged in "unreasonable and vexatious conduct" which "multiplied the proceedings" is not a substitute for the required judicial findings under § 1927.

**Procedural error**

---

[4] In denying the attorneys' motion for reconsideration of the sanction order, the district court did address attorney Weeks' contention that he was not involved in the substantive decision making in the case during the time for which sanctions were sought. The district court found that "Mr. Weeks has participated as counsel for Plaintiff in this action as early as December 18, 2008," and he "therefore had ample opportunity to assert any arguments with respect to Defendants' entitlement to attorneys' fees under section 1927 by filing a timely response to the motion."

42

Authority in this Circuit requires a district court to afford an attorney the right to be heard before sanctions are imposed. *Amlong & Amlong, P.A.*, *supra*. In my view, this precedent required the district court to afford Tedards and Weeks a more meaningful opportunity to be heard before it modified its order and imposed a joint and several award against each of them. The majority correctly notes, however, that Appellants' brief does not list lack of opportunity to be heard as an issue on appeal. And there is authority suggesting that an opportunity to be heard, as opposed to a hearing, satisfies due process concerns when an attorney is facing sanctions. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455, 2464 (1980); *Kornhauser v. Commissioner of Social Security*, 685 F.3d 1254, 1257 (11th Cir. 2012); *Reynolds v. Roberts*, *supra.*

I agree with the majority that Tedards and Weeks were on notice that they faced potential liability under § 1927. Defendants' initial motion for attorney's fees cited 28 U.S.C. § 1927 and expressly sought a joint and several award against the attorneys.[5] The district court, with which the majority agrees, essentially concluded that by failing to respond to the initial motion seeking attorney's fees, the attorneys defaulted on the issue of entitlement and waived the right to be

---

[5] There is some question whether Defendants' initial motion sought fees from Weeks, who served only as local counsel. Appellant's Brief at pp. 25-27.

43

heard.  While the term "default" may accurately describe the posture Tedards and Weeks put themselves in initially, I do not believe that under the circumstances they waived the right to be heard on joint and several liability or, just as importantly, on the amount of the sanction.[6]

Based on the briefing, there certainly appear to be factual disputes with respect to whether Tedards, and particularly Weeks, should have been sanctioned under § 1927 and if so, to what extent.  Findings by the district court would have resolved those disputes.  However, entitlement was determined by default, explaining the absence of findings.  I believe this was procedural error and that on remand, the district court should be instructed to conduct an appropriate judicial inquiry and afford the attorneys an opportunity to address the propriety of sanctions and the amount.

---

[6] While a defendant against whom default is entered for failure to respond to a complaint is deemed to have admitted the factual allegations in the complaint (*See* Rule 8 (b)(6) Fed.R.Civ.P.), the defaulted defendant is nonetheless entitled to a hearing on the amount of unliquidated damages. *Id*.; Rule 55 (a), Fed.R.Civ.P.; *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005)(". . . case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation."); *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979).  Indeed, even when a party is defaulted as a sanction, a hearing on damages is required unless the amount claimed is liquidated or capable of mathematical calculation. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985).

It follows that even if the majority is correct that the attorneys waived the right to be heard on entitlement by failing to respond to the initial motion for fees, they were nonetheless entitled to be heard on the amount of the sanction, that is, the amount of excess fees caused by their conduct.

44

**Conclusion**

Tedards and Weeks seek a remand ". . . for a set of findings as to what Young Apartments did that was wrong in the second phase of the case and what excess fees or costs were attributable to that wrongdoing." *Reply Brief of Appellants*, p. 7. In fairness to these attorneys, they are entitled to know what it is they did wrong from the perspective of the district court, as opposed to the perspective of their adversaries. I conclude that the attorneys' failure to avail themselves of the opportunity to respond to Defendants' initial motion for fees did not relieve the district court of its responsibility to make a considered determination of whether or not their conduct was sufficiently egregious to justify sanctions under § 1927. Defaulting the attorneys and summarily imposing sanctions without conducting an appropriate inquiry is inconsistent with the procedure contemplated by Circuit precedent. Indeed, the absence of findings prevents meaningful review of the order imposing sanctions.[7] A remand is therefore necessary.

---

[7] *See Santhuff v. Seitz*, 385 Fed. Appx. 939, 947 (11th Cir. 2010)(where district court does not make findings on the requirements of § 1927, there is an insufficient record for review of imposition of sanction and a limited remand is necessary), *reh. en banc denied*, 408 Fed. Appx. 346, *cert. denied*, 131 S.Ct. 1021 (2011).